**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| TRUSTEES OF THE IOWA IRON WORKERS HEAVY HIGHWAY DEFINED BENEFIT PENSON FUND, TRUSTEES OF THE IRON WORKERS HEAVY HIGHWAY DEFINED CONTRIBUTION PLAN, TRUSTEES OF THE NORTHEAST IOWA IRONWORKERS LOCAL 89 JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST, and LOCAL UNION NO. 89 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL AND REINFORCING IRONWORKERS, | No. 26-cv-85-LTS |
| Plaintiffs, | **CERTIFICATION OF FACTS REGARDING DEFENDANT'S CONTEMPT, REPORT, AND RECOMMENDATION** |
| vs. | |
| IOWA RE-CON, LLC, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Contempt, filed on September 30, 2026. (Doc. 14.) Defendant has not filed any resistance. On November 3, 2026, I held a hearing at which only Plaintiffs' attorney was present. (Doc. 17.)

## *I. CERTIFICATION OF FACTS*

On April 10, 2026, Plaintiffs filed this action under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, for monetary damages and equitable relief to remedy Defendant's failure to make appropriate contributions on behalf of its employees to Plaintiffs and its failure to cooperate with an audit of its books and records to determine Defendant's compliance with various collective bargaining agreements that require Defendant to make contributions to Plaintiffs. Defendant failed to enter an appearance, plead, or otherwise respond in this action; therefore, on June 9, 2026, Plaintiffs filed their Verified Application for Entry of Default. (Doc. 9.) Later that day, the Court entered default against Defendant. (Doc. 10.) On July 9, 2026, Plaintiffs filed their Motion for Default Judgment against Defendant. (Doc. 11.) On August 12, 2026, Judge Strand entered an Order on Motion for Default Judgment which ordered Defendant to permit Plaintiffs to conduct an accounting of its books and records for the period from May 1, 2024, to the present, by September 11, 2026. (Doc. 12.) At the hearing on November 13, 2026, Plaintiffs' counsel informed the Court that Defendant has not complied with Judge Strand's order. (Doc. 17.)

## *II. CONTEMPT AUTHORITY*

The Federal Rules of Civil Procedure permit enforcement of a judgment by, among other means, holding the defendant in contempt of court. Fed. R. Civ. P. 70(e).

The contempt authority of a United States Magistrate Judge is set forth in 28 U.S.C. Section 636(e). Only subsection 636(e)(6) applies in the case at bar:

(e) Contempt authority.—

. . .

> (6) Certification of other contempts to the district court.--Upon the commission of any such act--

. . .

> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
> (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
>
> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. *The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.*

28 U.S.C. § 636(e)(6) (emphasis added).

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citing *Independent Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir.1998)). If the movant produces clear and convincing evidence, "the burden . . . shift[s] to the [alleged contemnors] to show an inability to comply." *Id.* (citation omitted).

When imposing a civil contempt sanction, the record must reflect that the Court considered the following four factors: "(1) the harm from

> noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Edeh v. Carruthers*, No. 10-cv-2860 (RJK/JSM), 2011 WL 4808194, *3 (D. Minn. Sept. 20, 2011) (citing *United Mine Workers*, 330 U.S. at 303–04).

*Natl. Credit Union Administration Bd. v. Cumis Ins. Socy., Inc.*, No. 16-CV-139 (DWF/LIB), 2018 WL 6288110, at *3 (D. Minn. Oct. 22, 2018), report and recommendation adopted, No. CV 16-139 (DWF/LIB), 2018 WL 6271044 (D. Minn. Nov. 30, 2018).

## ***III. ANALYSIS***

Here, there is no dispute regarding Defendant's failure to comply. The Plaintiffs have shown by clear and convincing evidence that Defendant has not complied with Judge Strand's order filed on August 12, 2026. Plaintiffs have completed service upon Defendant and have continued to provide copies of all filings to the attorney who advised Plaintiff she was representing Defendant. Nevertheless, Defendant has been wholly nonresponsive to Plaintiffs' efforts to obtain the information to which they are entitled.

I also conclude that the factors gleaned from *United Mine Workers* weigh in favor of imposition of the requested sanction. First, the harm from Defendant's noncompliance is clear. Here, without the compliance with its obligation to provide information, determination of the amount Defendant owes will be difficult, to say the least. The noncompliance has thwarted the Plaintiffs' efforts to reduce their claim to a judgment. Second, the probable effectiveness of the sanction weighs in favor of the requested sanction. Unfortunately, I can think of no sanction short of the imposition of a coercive fine that would persuade Defendant to provide the information sought by Plaintiffs to reduce this matter to a final judgment. Third, the financial resources of the contemnor and the burden the sanctions may impose are unknown, but only because Defendant has

failed to appear and cooperate. Finally, the willfulness of Defendant's actions are somewhat difficult to gauge because of its noncompliance. Ultimately, Defendant had the opportunity to appear and contest all of these factors but has not done so. I therefore find that the fourth factor also weighs in favor of the imposition of the fine and other relief requested by Plaintiffs.

## *IV. CONCLUSION AND RECOMMENDATION*

I certify to the District Court the above facts which support my recommendations as follows:

1. I recommend the Court find that Defendant is in civil contempt for failing to provide Plaintiffs with the documentation required by the Court's prior Order at Doc. 12. I recommend that the Court permit Defendant to purge its contempt by production of the records listed below and full cooperation with Plaintiffs' audit as ordered by the Court within 60 days of the Court's ruling:
    a. State of Iowa unemployment returns for the period from May 1, 2024, to the present;
    b. Individual earnings histories for all employees for the period from May 1, 2024, to the present; and
    c. All job records for the period from May 1, 2024, to the present, including who worked on each job, the number of hours worked, and the days worked.
2. I recommend the Court enter an order imposing a coercive fine of five hundred dollars ($500) per day from the entry of its Order, payable to the Clerk of Court, until Defendant complies with the Order and satisfies the conditions to purge contempt;

3. I recommend that the Court's order include a warning to Defendant that, after notice to Defendant and an opportunity to be heard, the Court may impose further coercive sanctions directed to Defendant's responsible officer or agent if Defendant continues to withhold records or otherwise fails to comply, rather than incarceration of Defendant itself;

4. I recommend the Court enter an order requiring Defendant to cooperate fully with Plaintiffs' audit, including by providing timely access to its books and records, responding to reasonable audit requests, and producing all responsive records, and requiring Defendant, through a responsible officer or agent, to execute and serve a sworn certification that it conducted a diligent search for all records required by the Order and produced every responsive record in its possession, custody, or control.

While Plaintiffs' motion seeks award of compensatory damages, attorneys' fees, costs, audit expenses, and enforcement expenses, I recommend that the Court hold in abeyance any ruling on these issues.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 4th day of November, 2026.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa